John Joseph MURRAY

v.

MARTIN, Corrections Officer.

Civ. A. No. 89–6759.

United States District Court,
E.D. Pennsylvania.

Sept. 25, 1989.

John Joseph Murray, Doylestown, Pa.,
pro se.

New instituted action, no attorney of record as of September 25, 1989.

KATZ, District Judge.

## MEMORANDUM

Plaintiff, an inmate at the Bucks County Correctional Facility, brings this civil rights action under 42 U.S.C. § 1983. The complaint alleges that the defendant entered plaintiff's cell in plaintiff's absence, searched through documents relating to several lawsuits currently pending before this court and removed some of these papers along with some blank paper, a pen and several other unspecified items. Plaintiff seeks return of these items of personal property along with compensatory damages for emotional distress.

In *Parratt v. Taylor*, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the Supreme Court held that negligent deprivation of a prisoner's personal property does not violate the Due Process Clause of the Fourteenth Amendment so long as state law provides for an adequate post-deprivation remedy. The Court's decision in *Hudson v. Palmer*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984) extended *Parratt* to encompass intentional deprivations of personal property. Thus, plaintiff may not maintain this action under Section 1983 if Pennsylvania law provides for an adequate post-deprivation remedy.

Defendant, a corrections officer at the Bucks County Correctional Facility, is an employee of a political subdivision of the Commonwealth of Pennsylvania. Under Pennsylvania law, suits against such employees are governed by the Political Subdivision Tort Claims Act, 42 Pa.Cons.Stat. Ann. §§ 8541–8546 (Purdon 1982). Under the Act, political subdivisions and their employees are protected from civil damage actions except as the Act itself provides. In suits involving willful misconduct, however, the statutory limitations are inapplicable. *Id.* at § 8550. Plaintiff may therefore bring a civil damage action in the Pennsylvania courts. Since this constitutes an adequate post-deprivation remedy under

*Parratt* and *Hudson,* the complaint must be dismissed.

An appropriate order follows.

## ORDER

AND NOW, this 25th day of September, 1989, for the reasons set forth in the foregoing Memorandum, it is hereby ORDERED as follows:

1. Leave to proceed in forma pauperis is GRANTED.

2. The complaint is DISMISSED as frivolous pursuant to 28 U.S.C. § 1915(d).